IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Oberweis Securities, Inc., CRD #42060 | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 16 C 4228 ) ) |
| Investors Insurance Corporation c/o Athene Annuity & Life Assurance Company, Fidelity & Guaranty Life, Americom Life & Annuity Insurance Company c/o Fidelity & Guaranty Life, OM Financial Life Insurance Company c/o Fidelity & Guaranty Life, and David Cohen, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Oberweis filed the complaint in this case (captioned "petition to enforce arbitration subpoenas") under the Federal Arbitration Act, 9 U.S.C. § 7 ("FAA") to compel defendants to produce documents in response to third-party subpoenas issued by an arbitration panel in a Financial Industry Regulatory Authority ("FINRA") arbitration in which Oberweis is a respondent. Because Oberweis has not established that I have subject matter jurisdiction over the dispute, however, the complaint is dismissed without prejudice.

As the Seventh Circuit has observed, "subject matter jurisdiction under the FAA can pose problems because the statute 'is something of an anomaly in the field of federal-court jurisdiction.'" *Amgen, Inc. v. Kidney Center of Delaware County, Ltd.*, 95 F.3d 562, 567 (7th Cir. 1996). (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983)). The court explained in *Amgen* that "[a] district court can apply the FAA in either of two procedural contexts. The first arises when a party comes to federal court for the sole purpose of asking the court to issue an order authorized by the FAA." *Id*. at 565-66. Proceedings arising out of such petitions "are generally known as independent proceedings." *Id.* at 566 (internal quotation marks and citation omitted). The second procedural context arises when arbitration issues emerge "in the midst of ongoing litigation in the district court." *Id*. The court went on to explain that the two procedural postures are subject to different jurisdictional analyses.

When a petition for relief under § 7 is filed in embedded proceedings, "no difficulties with subject matter jurisdiction arise." *Id*. at 567.

> Because the embedded proceeding is contained within litigation for which subject matter jurisdiction is established, the district court faces no questions about its jurisdiction to issue orders concerning the arbitration. But problems of subject matter jurisdiction can be presented by independent proceedings. In discussing independent proceedings

2

arising under § 4, the Supreme Court has noted that the FAA

> creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. V) or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.
>
> *Id*. This interpretation of the FAA establishes that the statute itself does not create subject matter jurisdiction for independent proceedings, whether they involve § 4 or § 7. *See Sharp Electronics Corp. v. Copy Plus, Inc.*, 939 F.2d 513, 515 (7th Cir.1991). When a party to an arbitration initiates an independent proceeding, it must establish that the dispute that underlies the arbitration would come within the jurisdiction of the district court.

*Amgen*, 95 F.3d at 567.

The present complaint, which Oberweis filed for the sole purpose of seeking relief under § 7 of the FAA in the context of its ongoing arbitration, instigates an independent proceeding. *See Amgen*, F.3d at 566. Accordingly, I may exercise subject matter jurisdiction only if Oberweis establishes that the underlying dispute would come within my jurisdiction. Yet, it makes no effort to do so.

Curiously, Oberweis cites the lower court's decision in *Amgen* as authority for compelling third-parties located in other

3

jurisdictions "to produce documents pursuant to a validly issued arbitration subpoena." Pet. at 6 (citing *Amgen Inc. v. Kidney Ctr.*, 879 F. Supp. 878, (N.D. Ill. 1995) (granting motion to compel compliance with an arbitration subpoena issued on a non-party in the Eastern District of Pennsylvania)). Oberweis's characterization of the lower court's decision is substantively accurate, but it does not overcome the jurisdictional hurdle here. Indeed, *Amgen*'s full procedural history firmly establishes the correctness of defendants' jurisdictional argument.

After a lengthy analysis, partially quoted above, of the relevant jurisdictional landscape, the Seventh Circuit concluded on appeal of the decision Oberweis cites that because the petition filed in the district court had not addressed subject matter jurisdiction over the underlying dispute, and because neither the defendant nor the district court had noticed the omission, it could not determine whether subject matter jurisdiction was appropriate. Accordingly, the court remanded the case to the lower court and directed it "to make and certify to us, within sixty days, its findings on subject matter jurisdiction. When we receive those findings, we will either order the dismissal of the case or rule on the merits of the appeal." *Amgen*, 95 F.3d 562. The district court followed these

instructions, and the Seventh Circuit's subsequent decision concluded:

> In its order of October 4, 1996, based on a written stipulation of the facts by the parties, the district court found that it lacked jurisdiction under both 28 U.S.C. §§ 1331 and 1332. We accordingly order this case DISMISSED.

*Amgen, Inc. v. Kidney Ctr. of Delaware Cty., Ltd.*, 101 F.3d 110 (7th Cir. 1996) (Table). Taken together, the *Amgen* decisions compel the conclusion that dismissal is appropriate here.

Oberweis cites additional support for enforcement of the arbitration subpoenas, but none grappled with the jurisdictional problem this case poses. *See Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664 (7th Cir. 2009) (affirming order enforcing arbitration subpoena in the context of ongoing federal litigation); *Fed. Ins. Co. v. Law Offices of Edward T. Joyce*, P.C., No. 08 C 431, 2008 WL 4348604 (N.D. Ill. Mar. 13, 2008) (Hart, J.) (subject matter jurisdiction undisputed); *SchlumbergerSema, Inc. v. Xcel Energy, Inc.*, No. Civ. 02-4304, 2004 WL 67647 (D. Minn. 2004) (addressing only personal jurisdiction).

Although defendants overlook the Seventh Circuit's dispositive decisions in *Amgen*, they argue correctly that the FAA does not itself grant federal jurisdiction, and that if no independent jurisdictional basis over the parties' underlying dispute exists, I must dismiss the case for that reason. *See*

5

Def.'s Obj. at 1-2 (citing *Magruder v. Fidelity Brokerage Servs. LLC*,---F.3d---, 2016 WL 1059469, at *2 (7th Cir. Mar. 17, 2016); *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)).  Because Oberweis has alleged none, its complaint is dismissed without prejudice.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 29, 2016